**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RIO PERLA PROPERTIES, L.P., *Plaintiff* | § § § | |
| -vs- | § § | SA-24-CV-00689-XR |
| AFFILIATED FM INSURANCE COMPANY, SCOTT EDWARD LILES, *Defendants* | § § § § | |

## ORDER DENYING REMAND

On this date, the Court considered Plaintiff's motion to remand (ECF No. 5), Defendants' response (ECF No. 9), and Plaintiff's reply (ECF No. 10). After careful consideration, Plaintiff's motion to remand is **DENIED** because Defendant Scott Liles is improperly joined as a defendant.

## BACKGROUND

This dispute arises out of a pipe burst on Plaintiff's property in January 2022. ECF No. 1-4 at 4. At the time, Plaintiff was insured under a property insurance policy issued by Defendant Affiliated FM Insurance Company ("AFM"). *Id.* The policy covered against "ALL RISKS OF PHYSICAL LOSS OR DAMAGE unless otherwise excluded by the policy." *Id.* After sustaining loss and damage from the rupture, Plaintiff submitted claims to AFM, who assigned Defendant Scott Liles ("Liles") as the claim adjuster. *Id.* at 4–5.[1]

According to Plaintiff, Liles improperly determined that "large" portions of Plaintiff's claims (for loss and repair) were excluded from coverage without providing a basis in the policy

---

[1] Defendant Scott Liles was assigned by McLaren's Inc., which was assigned (along with MKA International) by AFM to adjust Plaintiff's claim. ECF No. 1-4 at 4. While Plaintiff asserts that Liles was working "on behalf of" AFM, *id.* at 5, AFM maintains that Liles was AFM's "independent adjuster." ECF No. 1 at 2. This distinction does not alter the analysis because liability "attaches both to adjusters employed directly by an insurance company and independent contractors." *Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, No. 15-CV-843-SS, 2015 WL 8516595, at *3 (W.D. Tex. Dec. 11, 2015) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 483, 485 (Tex. 1998).

or an explanation of the denial. *Id.* at 5; ECF No. 5 at 2. Plaintiff further asserts Liles incorrectly concluded that its claims for additional repairs (unrelated to the pipe burst) were excluded under the policy. ECF No. 1-4 at 5. Relying on Liles's recommendations, AFM determined that Plaintiff's claims were not covered and, to date, has not made any payments in connection with the claims. *Id.* Thus, Plaintiff contends that both AFM and Liles "misrepresented" the policy's coverage. *Id.*

Plaintiff initiated this action in state court on May 7, 2024, asserting claims against both AFM and Liles under the Texas Insurance Code (the "Insurance Code" or "TIC") and claims against AFM only for breach of contract and bad faith. ECF No. 1-4.[2] *Id.*

On June 20, 2024, AFM removed the case to this Court based on diversity jurisdiction. ECF No. 1 at 1. AFM alleges that for diversity purposes Plaintiff is citizen of Texas and that AFM is a citizen of Rhode Island. ECF No. 1 at 3–4, ECF No. 5 at 2–3. Although Liles is admittedly a citizen of Texas, AFM contends that his citizenship should be disregarded because he is not a proper party under the doctrine of improper joinder. ECF No. 1 at 3–4.

Plaintiff timely moved to remand, arguing that there is no complete diversity between the parties because Liles is a proper party to this action. ECF No. 5.[3]

---

[2] Plaintiff's claims under the TIC are pursuant to TEX. INS. CODE §§ 541.060(A)(1), (A)(2)(A), (A)(3), (A)(4), and (A)(7). TEX. INS. CODE § 541.060(A)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue," § 541.060(A)(2)(A) prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear," § 541.060(A)(3) prohibits "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim," § 541.060(A)(4) prohibits "failing within a reasonable time to affirm or deny coverage of a claim to a policyholder," and § 541.060(A)(7) prohibits refusing to pay a claim without conducting a reasonable investigation with respect to the claim."

[3] There is no dispute that the amount in controversy exceeds $75,000. *See* ECF No. 9, at 1.

## DISCUSSION

### I.    Legal Standard

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citing to 28 U.S.C. §§ 1331 and 1332(a)). The former is known as "federal-question jurisdiction" and the latter as "diversity jurisdiction." *Id*. Any civil action of these types that is brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939);

3

*see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."); *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal").

### A.   Improper Joinder

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The Fifth Circuit consistently reiterates that a claim of improper joinder fails when there is "a *reasonable* possibility of recovery, not merely a *theoretical* one." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins. 509* F.3d 665, 669 (5th Cir. 2007)); *accord Smallwood*, 385 F.3d at 573 n.9 (agreeing that a "'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder").

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. For this analysis, the Fifth

Circuit has clarified that pleadings must satisfy the federal pleading standard, not Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt., L.L.C. v. Grp. United Energy, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). And "the existence of even a single valid cause of action against [non-diverse] defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Waste Mgmt., Inc. v. AIG Specialty Ins.,* 974 F.3d 528, 533 (5th Cir. 2020) (quoting *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)); *accord Williams v. Homeland Ins. of N.Y.*, 18 F.4th 806, 815 (5th Cir. 2021) ("Indeed, we have directed that any viable cause of action against a diversity-destroying party requires the entire case to be remanded[.]"). Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

### B. Rule 12(b)(6) Standard

A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal-Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"[F]or fraud claims, a heightened pleading standard requires parties to 'state with particularity the circumstances constituting fraud.'" *Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 944 (S.D. Tex. 2019) (quoting FED. R. CIV. P. 9(b)). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although the language of Rule 9(b) confines its requirements to [fraud] claims," the requirements "apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

## II.    Analysis

Plaintiff alleges that Liles is liable under the Insurance Code for misrepresenting the facts or policy provisions relating to coverage (§ 541.060(a)(1)), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of his claim (§ 541.060(a)(2)), failing to provide Plaintiff a reasonable explanation for the denial of the claim (§ 541.060(a)(3)), failing to affirm or deny coverage in a reasonable time (§ 541.060(a)(4)), and refusing to pay the claim without a reasonable investigation (§ 541.060(a)(7)). *See* ECF No. 1-4.

Outside of claims under TEX. INS. CODE § 541.060(a)(1),[4] the parties—and courts within the Fifth Circuit—disagree about whether insurance adjusters can be held liable under the Insurance Code based on the role they play in settling claims. *See* ECF No. 5 at 6–7 (arguing adjusters can be liable under the TIC when, for example, they fail "to attempt in good faith to effectuate a prompt, fair, and equitable settlement, or otherwise engage[] in unfair settlement

---

[4] Subsection (a)(1) imposes prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." AFM appears to agree that adjusters can be liable under TEX. INS. CODE § 541.060(A)(1), but only when the misstatements are "about the details of the policy, not the facts giving rise to a claim for coverage." ECF No. 9 at 4–5 (citation and quotation omitted). Plaintiff disputes this proposition and, in any event, pleads generalized misstatements about the policy itself. *See* ECF No. 1-4 at 5 ("misrepresented to Plaintiff that the damage to the Property *was not covered under the Policy*") (emphasis added)). As discussed herein, however, this claim is not plausible because the heightened pleading standard is not met.

practices" and that that the adjusters' actions are the most relevant factor in determining liability);

ECF No. 9 at 4 (arguing that "individual adjusters cannot be held liable" for TIC violations under

the facts alleged in Plaintiff's petition); *Waste Mgmt., Inc. v. AIG Specialty Ins.,* 974 F.3d 528,

533–34 (5th Cir. 2020) (acknowledging that "there is disagreement about which provisions of

Chapter 541 apply to adjusters," without resolving the split of authority).[5]

Although the Court tends to agree with Plaintiff's theory of adjuster liability[6]—and this

split of authority would ordinarily counsel in favor of remand anyway[7]—the Court need not reach

---

[5] AFM relies on a line of cases out of the Northern District of Texas reasoning that adjusters should not be liable for unfair settlement practices because they generally "do[] not have settlement authority on behalf of [the insurance company]" and their "sole role is to assess the damage." *Messersmith v. Nationwide Mut. Fire Ins.,* 10 F. Supp. 3d 721, 724–25 (N.D. Tex. 2014) (finding no liability for adjusters under TIC § 541.060(a)(2), which requires a "good faith [attempt] to effectuate a prompt, fair, and equitable settlement" when an insurer's liability is "reasonably clear," because adjusters do not have settlement authority); *see also id.* at 725 (concluding that adjusters are not liable under § (a)(7) for denying claims without a reasonable investigation because "the bad behavior that the statute targets is an *insurer*'s refusal to pay under certain circumstances") (emphasis added); *see also Mainali Corp. v. Covington Specialty Ins.,* No. 3:15-CV-1087-D, 2015 WL 5098047, at * 4 (N.D. Tex. Aug. 31, 2015) (extending *Messersmith*'s reasoning to § (a)(3), which imposes a duty to provide reasonable explanations for claim denials); *One Way Invs. v. Century Ins.,* No. 3:14-CV-2839-D, 2014 WL 6991277, at *5 (N.D. Tex. Dec. 11, 2014) (applying *Messersmith* to § (a)(4), which requires insurers to affirm or deny coverage in a reasonable time, because "an adjuster does not have authority on behalf to the insurer to affirm or deny coverage of a claim to a policyholder").

Plaintiff, on the other hand, cites a line of cases that, looking to the text and purpose of the TIC, emphasize the practical role insurance adjusters play in the "investigation, estimation, and settlement of insurance claims," as insurers' settlement decisions generally rely on adjusters' investigations and recommendations. *Arana v. Allstate Tex. Lloyds,* No. 3:13-CV-0750-D, 2013 WL 2149589, at *5 (N.D. Tex. May 17, 2013); *see also Eduardo v. Great Lakes Reinsurance (Uk) Plc,* No. DR-15-CV-73-AM-VRG, 2016 WL 4371946, at *5 (W.D. Tex. Jan. 19, 2016) (noting that TIC § 541.008 directs courts to construe and apply the code "liberally" to effectuate the statute's "underlying purpose"); *Linron Props., Ltd. v. Wausau Underwriters Ins.,* No. 3:15-CV-293-B, 2015 WL 3755071, at *4 (N.D. Tex. June 16, 2015) (reasoning that § (a)(2)'s mandate to attempt in good faith to "effectuate" a settlement "rather than a word that conveys finality (e.g., finalize), suggests that its prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim," including adjusters). These cases counsel that an adjuster can be liable if he or she played a role and engaged in the unfair settlement process of the claim. *See, e.g., Progressive Island, LLC v. Scottsdale Ins.,* No. 3:13-CV-0741-M, 2013 WL 6065414, at *3 (N.D. Tex. Nov. 18, 2013); *Eduardo,* 2016 WL 4371946, at *5.

[6] *Messersmith* and its progeny have been severely criticized, including by courts within this district. *See, e.g., Eduardo,* 2016 WL 4371946, at *5 ("[T]his Court declines to follow *Messersmith* because it is contrary to Texas law and it conflicts with Fifth Circuit precedent."); *Exch. Servs., Inc. v. Seneca Ins.,* No. 3:15-CV-1873-M, 2015 WL 6163383, at *5 (N.D. Tex. Oct. 16, 2015) ("The Fifth Circuit thus held that adjusters can be liable under § 541.060 for their roles in an insurer's evaluation and adjudication of a claim"); *cf. Roach v. Allstate Vehicle & Prop. Ins.,* No. 3:15-CV-3228-G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016) (criticizing *Massersmith* for "unduly narrow[ing] the scope" of the provisions governing unfair settlement practices).

[7] *See African Methodist Episcopal Church v. Lucien,* 756 F.3d 788, 793 (5th Cir. 2014) (holding that "any ambiguities of state law must be resolved" in favor of remand"); *see also Shade Tree Apartments,* 2015 WL 8516595, at *6 ("In the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand." (citation omitted)); *Birch v. Stillwater Ins. Co.,* No.

the question here because Plaintiff's distinct allegations against Liles fail to plausibly allege that Liles violated Chapter 541.06 of the Insurance Code.[8] Rather, Plaintiff asserts "only boilerplate allegations that recite the provisions of the insurance code." ECF No. 9 at 9–10.[9]

To begin, Plaintiff's claim under § 541.060(a)(1) that Liles materially misrepresented the facts or policy fails to satisfy the heightened pleading standard of Rule 9(b), which applies because § (a)(1) sounds in fraud. *See Frith*, 9 F. Supp. 2d at 742; *see also Aviles v. Allstate Fire & Cas., Ins.*, No. 5:19-CV-00023, 2019 WL 3253077, at *2 (S.D. Tex. July 9, 2019) (collecting cases). Plaintiff alleges that Liles "misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence." ECF No. 1-4 at 5. Plaintiff fails, however, to specify "the who, what, when, and where" of the alleged misrepresentation. *Williams*, 112 F.3d at 178. Plaintiff does not identify the substance of the purported misrepresentation, let alone when it occurred or who was involved. *See* ECF No. 1-4. This conclusory allegation would fail even under Rule 8—Plaintiff has not proffered a single fact suggesting that the loss and damage falls outside the policy's exclusions. *Id.* at 4.

---

5:15-cv-448-DAE, 2015 WL 5125885, at *2 (W.D. Tex. Sep. 1, 2015) ("Because removal jurisdiction implicates federalism concerns, '[a]ny ambiguities are construed against removal and in favor of remand.'" (quoting *Lucien*, 756 F.3d at 793).

[8] AFM correctly notes that Plaintiff lumped some of Defendants' conduct together by asserting certain claims against "Defendants." *See, e.g.*, ECF No. 1-4 at 8, 10–12. It is true that, for claims against an adjuster to suffice for these purposes they should be distinct from those lodged against the insurance company; it is not enough for a plaintiff merely to generically allege misconduct under Section 541.060 and baldly charge the insurance company and adjuster with having committed it." *Morales v. Allstate Fire & Cas. Ins. Co.*, No. 5-18-CV-00483-FB-RBF, 2018 WL 6599616, at *3 (W.D. Tex. Dec. 17, 2018), *report and recommendation adopted*, No. CV SA-18-CA-483-FB, 2019 WL 413571 (W.D. Tex. Jan. 7, 2019). For the purposes of this order, however, the Court considers allegations against both Defendants as applying to Liles individually as well.

[9] Plaintiff cites some cases in which remand was granted based on the notice pleading standard applicable under Texas law. *See, e.g.*, *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015) ("We hold, in accordance with at least three unpublished decisions of our court, that the Texas pleading standard applies."). Under this lower pleading standard, it was easier to state a claim as compared to the federal standard. The panel in *International Energy Ventures Management*, however, subsequently withdrew that opinion, overruled those unpublished decisions, and held that federal courts, in improper joinder cases, must apply the federal pleading standards. 818 F.3d 193, 208 (5th Cir. 2016). To the extent that Plaintiff seeks to rely on cases that granted remand based on the Texas pleading standards, the Court finds that comparison inapposite. Whether the allegations stated in these cases would survive the federal pleading standard presents a different question.

Plaintiff's claims under the remaining provisions of the TIC also fail to state any particular facts, instead providing only conclusory statements and recitations of the legal standard.

Plaintiff does not identify any facts explaining the basis for its claim under § 541.060(a)(2) that Liles failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement. Even if Liles misrepresented the policy in some way, Plaintiff offers no particular facts suggesting that Liles did so in bad faith or engaged in an "outcome-oriented" process designed to ensure that Plaintiff's claims would be denied. Indeed, Plaintiff's petition fails to allege *any* discrete conduct that allegedly violated the TIC and instead merely states that Liles determined Plaintiff's claims. The boilerplate and conclusory allegations here are very similar to the allegations in cases that other district courts have found "standing alone . . . would not give rise to liability for failure to enhance their generic pleadings with any actionable facts." *Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, No. 15-CV-843-SS, 2015 WL 8516595, at *3 (W.D. Tex. Dec. 11, 2015) (disregarding conclusory allegations merely stating that there was a misrepresentation and subsequent underpayment of coverage). Instead the plaintiff must "specifically outline[] the way in which [the adjuster] failed to properly adjust its claim." *See id.* at *4 (concluding that petition adequately stated claim against non-diverse adjuster under § 541.060(a)(2) by alleging that the adjuster misrepresented the payment for work, failed to provide estimates to the insurer's inquires, and purposely ignored certain events); *Roach*, 2016 WL 795967, at *6 (plaintiff alleged that the failure to effectuate equitable settlement stemmed from substandard investigation, the adjuster's failure to include certain damages in his report, and the misrepresentation of the "cause of, scope of, and cost to repair the damage").[10] Plaintiff has failed to do so here and, accordingly, has failed to plausibly allege that Liles violated TIC § 541.060(a)(2).

---

[10] *See also UGM of Dallas, Inc. v. Harleysville Ins. Co.*, No. 3:22-CV-0607-K, 2022 WL 2345918, at *6 (N.D. Tex. June 29, 2022) (alleging that adjuster retained an inspector to provide a favorable report that could be used to deny or

Similarly, Plaintiff asserts that Liles failed to provide a reasonable explanation for AFM's claims denials under § (a)(3) but does not state any facts suggesting that Plaintiff requested a basis for the denial, nor the substance of AFM's denial decisions.

Plaintiff further asserts that Liles breached the duty to affirm or deny coverage in a reasonable time under § (a)(4) without explaining how Liles contributed to an unreasonable delay in AFM's coverage decision (or even explaining how AFM's coverage decision was untimely).

Finally, Plaintiff asserts that Liles breached the duty to perform a reasonable investigation under § (a)(7) but does not even allege any facts supporting an inference that his investigation was somehow unreasonable (or was never performed in the first place). Instead, Plaintiff implies that the investigation was unreasonable based on its conclusory assertion that Liles's investigation caused the denial of an allegedly covered claim.

In sum, Plaintiff's complaint simply tracks the statutory language of the TIC. *See* ECF No. 1-4 at 6, 8. Without further facts, this "formulaic recitation of the statutory language is insufficient to fulfil [Plaintiff's obligations to provide the grounds on which he is entitled to relief." *Johnson v. The Travelers Home & Marine Ins. Co.*¸ No. H-16-CV-449-GM, 2016 WL 4061146, at *3 (S.D. Tex. July 29, 2016).

Because there is no reasonable basis to predict that Plaintiff might be able to recover against Liles, the Court concludes that he has been improperly joined and must be dismissed from this action. *Smallwood*, 385 F.3d at 573. Accordingly, the Court will disregard Liles's citizenship and exercise subject matter jurisdiction over Plaintiff's claims against the remaining defendant, AFM.

---

underpay claims); *Sakar Invs., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 4:17-CV-03061, 2018 WL 706471, at *5 (S.D. Tex. Feb. 5, 2018) (alleging absence of good faith through biased direction to the engineering firm, cursory attention, failure to inspect, and limited visual inspection which "properly isolates a discrete action" taken that suggests unfairness or bad faith).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (ECF No. 5) is **DENIED**.

Plaintiff's claims against Defendant Liles are **DISMISSED WITHOUT PREJUDICE**.[11]

Plaintiff's claims against AFM remain pending.

It is so **ORDERED**.

**SIGNED** this 16th day of September, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[11] Because a court lacks subject matter jurisdiction over an improperly joined party, it must dismiss that party without prejudice. *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *5 (W.D. Tex. Nov. 18, 2019) (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016)).